**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

THERESA DOVE

                    Plaintiff,

          -against-

ENOVATION GRAPHICS SYSTEMS, INC.

                    Defendant.
-------------------------------------------------------------X

FILED
U.S. DISTRICT COURT
S.D. OF N.Y. W.P.

**ECF CASE**

Index #
Date Purchased:

**COMPLAINT**

**05 CIV. 2441**

**BRIEANT**

The Plaintiff, THERESA DOVE, by her attorney, Barry D. Haberman, Esq., complaining of the Defendant, ENOVATION GRAPHICS SYSTEMS, INC., respectfully alleges as follows:

1.      The Plaintiff, Theresa Dove, herein referred to as "Dove", is a New York resident, domiciled at 8 Beechnut Circle, Garnerville, New York 10923 in Rockland County, New York.

2.      Said domicile of Plaintiff, "Dove", is located in the jurisdiction of the Southern District of New York, United States of America.

3.      Upon information and belief, Defendant, Enovation Graphics Systems, Inc., herein referred to as "Enovation", is a Delaware corporation, authorized to conduct business in the State of New York.

4.      Upon information and belief, principal executive office of the Defendant, "Enovation" is located at 200 Summit Lake Drive, Valhalla, New York 10595.

5.      Upon information and belief, the principal executive office of the Defendant is located within the jurisdiction of the Southern District of New York.

1

6.      Upon information and belief, Defendant, "Enovation", employs more than 501 persons.

7.      The Plaintiff was employed by the Defendant at the Valhalla, New York location.

8.      The dominant subject matter of this Verified Complaint is grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII"), and the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA").

9.      Under 28 U.S.C. sec. 1331, actions grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991, ("Title VII"), and the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA"), are permitted to be brought before United States Courts.

10.      As the Defendant, "Enovation", is a resident of a locality lying within the Southern District of New York, as a substantial part of the events giving rise to the claim occurred in the Southern District of New York, under 28 U.S.C. sec. 1391(b), the Southern District of New York is the proper venue for this action.

11.      The Plaintiff, "Dove" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

12.      The Plaintiff, "Dove", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

13.      The Plaintiff, "Dove", is Female.

14.      The Plaintiff, "Dove", was hired for employment by the Defendant, "Enovation" with her employment commencing April 22, 2002.

2

15.     At all times during the Plaintiff, "Dove's" employment by the Defendant, "Enovation", said Plaintiff, "Dove" satisfactorily performed the duties of her employment.

16.     On September 10, 2002, the Plaintiff, "Dove" informed the Defendant's Human Resource Director, Michael Prutting, herein referred to as "Prutting" that she was pregnant.

17.     On the same date, September 10, 2002, the Plaintiff, "Dove" informed the Defendant, "Enovation" through "Prutting" that her pregnancy was considered "High Risk" and that she required bed rest.

18.     On September 10, 2002, the Plaintiff, "Dove" was informed by "Prutting" that she would be placed on short-term disability.

19.     During the time period of September 10, 2002 through September 18, 2002, the Plaintiff, "Dove" following the directives of the Defendant, "Enovation" as transmitted by "Prutting" went out on short-term disability.

20.     On October 2, 2002, the Plaintiff, "Dove" required hospitalization due the pregnancy.  On said date, October 2, 2002, the Plaintiff was hospitalized in Westchester Medical Center.

21.     On October 29, 2002, the Plaintiff, "Dove" received notification from the Defendant, "Enovation" that her employment was terminated.

22.     The actions of the Defendant, "Enovation" were discriminatory to the Plaintiff, "Dove" because the Defendant, "Enovation" did not treat the Plaintiff, "Dove" a pregnant woman the same as other employees.  The Defendant, "Enovation" treated the Plaintiff, "Dove" a woman affected by pregnancy, childbirth or related medical conditions different than the treatment afforded other employees as concerns

employment-related purposes, including receipt of benefits under fringe benefit programs, and in the instant matter, especially the Plaintiff's right to maintain employment.

23.    But for the discriminatory and unlawful actions of the Defendant, "Enovation", the Plaintiff, "Dove" would still be employed by said Defendant, "Enovation" with all of the wages, and benefits such employment provides.

24.    Said termination of employment of the Plaintiff, "Dove" by the Defendant, "Enovation" was in violation of Plaintiff, "Dove's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. ("Title VII"), and the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA").

25.    As a result of such violation, the Plaintiff, "Dove" is entitled to all of the remedies set forth under Title VII.

26.    Thus, for all of the violations of the Federal Statutes, the Plaintiff, "Dove" is entitled to "back pay" from the date of the unlawful termination, (October 29, 2002), including salary, projected raises, lost benefits, and lost pension funding, "front pay", to put the Plaintiff, "Dove" in the position she would have been in had the unlawful termination not occurred and her employment lasted until normal retirement age.  Such "front pay" includes salary, fringe benefits, and pension benefits.  Plaintiff, "Dove" is also entitled to receipt of punitive damages, and attorney fees.

27.    Thus, there is now due and owing from the Defendant, "Enovation" to the Plaintiff, "Dove" back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, punitive damages in the amount of $300,000.00, and attorney fees.

## AS AND FOR A SECOND CAUSE OF ACTION

28.    The Plaintiff, "Dove", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

29.    On or about February 7, 2003, the Plaintiff, "Dove" contacted the Defendant, "Enovation" seeking reinstatement to her position of employment.

30.    From said date, February 7, 2003 through March 10, 2003, the Plaintiff, "Dove" made numerous inquiries in an attempt to regain employment with the Defendant, "Enovation."

31.    The Defendant, "Enovation" refused to make a position available to the Plaintiff, "Dove" stating other individuals were hired to replace the Plaintiff, "Dove."

32.    At all times, the Plaintiff, "Dove" was qualified and able to perform the duties of her employment.

33.    The failure of the Defendant, "Enovation" to rehire the Plaintiff, "Dove" in February and March 2003 was discriminatory towards the Plaintiff, "Dove" due to the Plaintiff's then recent pregnancy.

34.    The refusal of the Defendant, "Enovation" to rehire the Plaintiff, "Dove" was a violation of Plaintiff, "Dove's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. ("Title VII"), and the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA").

35.    As a result of such violation, the Plaintiff, "Dove" is entitled to all of the remedies set forth under Title VII.

36.    Thus, for all of the violations of the Federal Statutes, the Plaintiff, "Dove" is entitled to "back pay" from the date of the unlawful refusal to rehire, (February 7, 2003), including salary, projected raises, lost benefits, and lost pension funding, "front

pay", to put the Plaintiff, "Dove" in the position she would have been in had the unlawful termination not occurred and her employment lasted until normal retirement age. Such "front pay" includes salary, fringe benefits, and pension benefits. Plaintiff, "Dove" is also entitled to receipt of punitive damages, and attorney fees.

37.     Thus, there is now due and owing from the Defendant, "Enovation" to the Plaintiff, "Dove" back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, punitive damages in the amount of $300,000.00, and attorney fees.

## AS AND FOR A THIRD CAUSE OF ACTION

38.     The Plaintiff, "Dove", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

39.     As stated above, following the conclusion of the Plaintiff, "Dove's" pregnancy and the birth of her child, the Defendant, "Enovation" refused to rehire the Plaintiff, "Dove."

40.     Upon information and belief, the Defendant, "Dove" does not refuse employment to men who have had recent births in their (the men's) families.

41.     Upon information and belief, the Defendant, "Enovation" treated the Plaintiff, "Dove" differently because she is a female with child raising responsibilities.

42.     The actions of the Defendant, "Enovation" towards the Plaintiff, "Dove" were based upon impermissible discrimination due to the Plaintiff, "Dove's" sex (female).

43.     The refusal of the Defendant, "Enovation" to rehire the Plaintiff, "Dove" was a violation of Plaintiff, "Dove's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. ("Title VII").

44.    As a result of such violation, the Plaintiff, "Dove" is entitled to all of the remedies set forth under Title VII.

45.    Thus, for all of the violations of the Federal Statutes, the Plaintiff, "Dove" is entitled to "back pay" from the date of the unlawful refusal to rehire, (February 7, 2003), including salary, projected raises, lost benefits, and lost pension funding, "front pay", to put the Plaintiff, "Dove" in the position she would have been in had the unlawful termination not occurred and her employment lasted until normal retirement age.  Such "front pay" includes salary, fringe benefits, and pension benefits.  Plaintiff, "Dove" is also entitled to receipt of punitive damages, and attorney fees.

46.    Thus, there is now due and owing from the Defendant, "Enovation" to the Plaintiff, "Dove" back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, punitive damages in the amount of $300,000.00, and attorney fees.

## AS AND FOR A FOURTH CAUSE OF ACTION

47.    The Plaintiff, "Dove", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

48.    Said actions of Defendant, "Enovation", terminating the employment of the Plaintiff, "Dove", because she was pregnant, and refusing to rehire the Plaintiff, "Dove" at the conclusion of her pregnancy, is a violation of the Plaintiff, "Dove's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

49.    Under New York State Human Rights Law, the Plaintiff, "Dove", is entitled to back pay, front pay, reinstatement, and restoration of lost fringe benefits.

50.     Thus, there is now due and owing from the Defendant, "Enovation" to the Plaintiff, "Dove" back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, and health benefits and pension funding in the amount $250,000.00.

51.     Additionally, under New York State Human Rights Law, the Plaintiff, "Dove", is entitled to recover for pain and suffering.

52.     Thus, because of the Defendant, "Enovation's", violation of employment rights of the Plaintiff, "Dove", the Plaintiff, "Dove", has suffered damages for pain and suffering in the amount of $150,000.00.

53.     Thus, there is now due and owing from the Defendant, "Enovation," to the Plaintiff, "Dove", the amount of $150,000.00 for damages from pain and suffering.

## AS AND FOR A FIFTH CAUSE OF ACTION

54.     The Plaintiff, "Dove", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

55.     Said actions of Defendant, "Enovation", treating the Plaintiff, "Dove" differently than male workers is sexual discrimination and is a violation of the Plaintiff, "Dove's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

56.     Under New York State Human Rights Law, the Plaintiff, "Dove", is entitled to back pay, front pay, reinstatement, and restoration of lost fringe benefits.

57.     Thus, there is now due and owing from the Defendant, "Enovation" to the Plaintiff, "Dove" back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, and health benefits and pension funding in the amount of $250,000.00.

58.     Additionally, under New York State Human Rights Law, the Plaintiff, "Dove", is entitled to recover for pain and suffering.

8

59.    Thus, because of the Defendant, "Enovation's", violation of employment rights of the Plaintiff, "Dove", the Plaintiff, "Dove", has suffered damages for pain and suffering in the amount of $150,000.00.

60.    Thus, there is now due and owing from the Defendant, "Enovation," to the Plaintiff, "Dove", the amount of $150,000.00 for damages from pain and suffering.

**WHEREFORE**, the Plaintiff, Theresa Dove, demands judgment:

(1)    Against the Defendant, "Enovation" for termination of her employment due to discriminatory reasons on the basis of her pregnancy, in violation of the Plaintiff, "Dove's" rights under the provisions of the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(2)    Against the Defendant, "Enovation" awarding the Plaintiff, "Dove", back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, and punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions of the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for the wrongful termination of employment.

(3)    Against the Defendant, "Enovation" for its refusal to rehire the Plaintiff, "Dove", said refusal due to discriminatory reasons on the

basis the Plaintiff's pregnancy, in violation of the Plaintiff, "Dove's" rights under the provisions of the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(4)    Against the Defendant, "Enovation" awarding the Plaintiff, "Dove", back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions of the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for the refusal to rehire due to the Plaintiff's pregnancy.

(5)    Against the Defendant, "Enovation" for its discriminatory treatment of the Plaintiff, "Dove" due to the Plaintiff's sex, in violation of the Plaintiff, "Dove's" rights under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(6)    Against the Defendant, "Enovation" awarding the Plaintiff, "Dove", back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for the discrimination based upon sex.

(7)     Against the Defendant, "Enovation" for termination of her employment due to discriminatory reasons on the basis of her pregnancy, and the refusal to rehire because of said pregnancy in violation of the Plaintiff, "Dove's" rights under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

(8)     Against the Defendant, "Enovation" awarding the Plaintiff, Plaintiff, "Dove", back pay in the amount of $147,333.00, front pay in the amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, and damage for pain and suffering in the amount of $150,000.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. for discrimination due to pregnancy.

(9)     Against the Defendant, "Enovation" for the sexual discrimination based upon sex in the terms and conditions of her employment in violation of the Plaintiff, "Dove's" rights under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

(10)    Against the Defendant, "Enovation" awarding the Plaintiff, "Dove", back pay in the amount of $147,333.00, front pay in the

amount of $1,360,000.00, health benefits and pension funding in the amount $250,000.00, and damage for pain and suffering in the amount of $150,000.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. discrimination based upon sex.

(11)    Awarding attorney fees as applicable under "Title VII".

(12)    Granting to Plaintiff, "Dove" such other and further relief as the Court deems just and proper.

Dated: New City, New York
       February 28, 2005

Barry D. Haberman, Esq. (bh 2589)
Attorney for Plaintiff
Theresa Dove
254 South Main Street, #401
New City, New York 10956
845-638-4294